DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

John Durwood Dennis Jr.

                            Debtor(s)

Chapter 13
Case No.  18-51321HLB

TRUSTEE'S OBJECTION TO CONFIRMATION
WITH CERTIFICATE OF SERVICE

341 Meeting Date: August 3, 2018 @ 9:45AM
Initial Confirmation Hearing Date: August 16, 2018
Initial Confirmation Hearing Time: 9:55 AM
Place: 450 Golden Gate Ave, 16th Fl
      San Francisco CA 94120

Judge:  Hannah L. Blumenstiel

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation.  The tax return shall be provided to her at the same time it is filed with the taxing authority.

Trustee's Objection to Confirmation –

2. 11 U.S.C. Section 1325(a)(4) of the Bankruptcy Code requires that the value of the property to be distributed under the plan be equal to or greater than what would be paid if the estate were liquidated under Chapter 7. According to the Debtor's schedules, there is excess equity which exceeds the scheduled unsecured debt; therefore,, a Chapter 7 Trustee could liquidate the debtor's property and pay creditors 100% of their claims, plus interest. *See re Beguelin,* 220 B.R. 94(9th Cir. B.A.P. 1998). The Debtor proposes to pay 100%, but does not proposed to pay any interest on unsecured claims. The Trustee requests that the Debtor file an plan to add a Nonstandard Provision that "Class 7 claimants will receive no less than 100% with annual interst at 2.31% of their allowed claims through this plan."

In addition, the Trustee requests that the debtor include language as a Nonstandard Provision that states "all claims in Class 5 to be paid with annual interest at 2.31%." Note: Failure to pay *priority* unsecured creditors interest in a 100% plan when *general* unsecured creditors are receiving interest is inconsistent with the holding in *Beguelin.*

3. The Debtor has failed to comply with Northern District of California General Order 34 which requires the use of Form NDC 1-1, the standard form chapter 13 plan required for all cases filed or converted to chapter 13 on or after December 1, 2017. Because the Debtor has failed to use the mandatory form plan, the Trustee cannot properly analyze the petition and schedules and may not be able to fully examine the Debtor at the 11 U.S.C. §341(a) meeting of creditors. The Trustee requests that the Debtor immediately file the appropriate plan and serve it on all creditors.

4. The Trustee is unable to determine whether all of the Debtor's projected disposable income is being applied to make plan payments to unsecured creditors under the plan as required by 11 U.S.C. Section 1325(b)(1)(B). Pursuant to Schedule I, the Debtor obtained new employment three and a half months prior to filing the instant petition. Based upon the Debtor's new gross monthly income, the Debtor is now above the median

income. Based upon the holding in *Hamilton v. Lanning*, 130 S. Ct. 2464 (2010). The Trustee requests that the Debtor file an Amended Form 122 C-1 and a Form 122 C-2.

5. The Trustee is unable to determine whether the Plan complies with 11 U.S.C. §521(a)(1)(B)(ii). Pursuant to Schedule I, the Debtor has listed a monthly deduction of $990.32 for "Tax, Medicare, and Social Security deductions;" however, this amount is not supported by the paperwork provided. The Debtor's 2017 Federal and State income tax returns, only support an approximate deduction amount of $448.86. An Amended Schedule I must be filed to accurately account for the Debtor's tax deductions.

*Note:* If the Debtor attests that the amount listed is accurate, then the Debtor must file a declaration, signed under penalty of perjury, which explains how the amount listed was derived. Along with said declaration, the Debtor must include supporting documentation.

6. The Trustee is unable to determine whether the plan meets the liquidation test in 11 U.S.C. Section 1325(a)(4) and requests that the Debtors provide her with whatever evidence the Debtors used to determine the value of real property located at 1628 Hilby Avenue, Seaside, California, 93955, listed on Schedule A/B.

7. The Debtor has not complied with the following provisions contained in General Order 34 of the United States Bankruptcy Court for the Northern District of California therefore the plan cannot be confirmed:

- The Debtor has failed to provide the Chapter 13 Trustee with Form NDC 1-3 Class 1 Checklist for each Class 1 creditor and Form NDC 1-4 Authorization to Release Information to Trustee.

Trustee's Objection to Confirmation –

- The Debtor has failed to file a declaration with supporting evidence stating whether the Debtor has made all post-petition payments ("Declaration of Direct Payment") to the following Class 1 creditors: Citimortgage Inc.

The Trustee requests that the Debtor file the Declaration of Direct Payment five (5) days prior to *all* 1) continued meetings of creditors and 2) contested or continued contested confirmation hearings while the case is pending confirmation.

8. The Debtor has failed to provide the Trustee with copies of pay advices or other evidence of payment received within sixty (60) days before the date of the filing of the petition in contravention of 11 U.S.C 521(a)(1)(B)(iv). If the Debtor cannot provide copies of the pay advices, a declaration signed by the Debtor under penalty of perjury must be provided pursuant to General Order 32 Re: Filing of Payment Advices in effect for the San Jose Division of the United States Bankruptcy Court for the Northern District of California. Pursuant to the order, the declaration must set forth the reasons that the pay advices are unavailable and should state the Debtor's estimate of payments received and provide other evidence, if any, of the payments received. *The Debtor has failed to provide the Trustee with copies of his pay advices for the pay periods 4/16/18 through 4/30/18 and 5/16/18 through 5/31/18.*

9. The Trustee is unable to determine whether or not the plan complies with 11 U.S.C. Section 1325(a)(4) until such time as the Debtor resolves the concerns outlined in the Trustee's Objection to Claimed Exemptions.

Dated: August 2, 2018    /S/ Devin Derham-Burk

Chapter 13 Trustee

Trustee's Objection to Confirmation –

4

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within case; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on August 2, 2018.

Said envelopes were addressed as follows:

| | |
|---|---|
| John Durwood Dennis Jr.<br>1628 Hilby Avenue<br>Seaside, CA  93955 | Consumer Action Law Group PC<br>3700 Eagle Rock Blvd<br>Los Angeles, CA  90065 |

/S/ Lesley M. Hansen
_____
Office of Devin Derham-Burk, Trustee

Trustee's Objection to Confirmation –