UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Name of Debtor: **John Durwood Dennis, Jr.**          Case No. **18-51321**

Last four digits of Soc. Sec. No.: **xxx-xx-0975**
Last four digits of Soc. Sec. No.:

## SECOND AMENDED CHAPTER 13 PLAN

### Section 1. Notices

**1.01.** **Notices.**

(a) **Use of this form is mandatory.** The Bankruptcy Court of the Northern District of California requires the use of this local form chapter 13 plan in lieu of any national form plan. Fed. R. Bankr. P. 3015.1.

(b) **Notice of specific plan provisions required by Fed.R.Bankr.P. 3015.1(c).** Any nonstandard provision is in section 7 below.

If the plan proposes to limit the amount of a secured claim based on a valuation of the collateral for the claim, this box must be checked ☐.

If the plan proposes to avoid a security interest or lien, this box must be checked ☐.

If there are nonstandard provisions, this box must be checked ☑. A nonstandard provision will be given no effect unless this section indicates one is included in section 7 and it appears in section 7.

**1.02.** **No alterations to form plan permitted.** Other than to insert text into designated spaces, to expand tables to include additional items, or to change the plan title to indicate the date of the plan or that it is a modified plan, the preprinted text of this form shall not be altered. No such alteration will be given any effect.

**1.03.** **Valuation of collateral and lien avoidance.** Unless otherwise provided in Section 7 below, as to nongovernmental units, the confirmation of this plan will not limit the amount of a secured claim based on a valuation of the collateral for the claim, nor will it avoid a security interest or lien. This relief requires a separate claim objection, valuation motion or adversary proceeding, or lien avoidance motion, with supporting evidence, that is successfully prosecuted in connection with the confirmation of this plan. Determining the amount of secured and priority claims of governmental units, however, must be done in compliance with Fed.R.Bankr.P. 3012.

**1.04.** **Confirmation of Plan.** In the absence of a timely written objection, the plan may be confirmed without a hearing. It will be effective upon its confirmation.

### Section 2. Plan Payments and Plan Duration

**2.01.** **Monthly plan payments.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $ **617.65** from future earnings. This monthly plan payment is subject to adjustment pursuant to section 3.07(b)(5) below and it must be received by Trustee not later than the 20th day of each month beginning the month after the order for relief under chapter 13. The monthly plan payment includes all adequate protection payments due on Class 2 secured claims.

**2.02.** **Other payments.** In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: ___

**2.03.** **Duration of payments.** The monthly plan payments will continue for **60** months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event may a plan be proposed and confirmed that exceeds 60 months. This section is to be read in conjunction with section 3.14.

## Section 3. Claims and Expenses

### A. Proofs of Claim

**3.01.** With the exception of the payments required by sections 3.03, 3.07(b), 3.08(b), 3.10, and 4.01, a claim will not be paid pursuant to this plan unless a proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**3.02.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, adversary proceeding, confirmed plan, or lien avoidance motion affects the amount or classification of the claim, consistent with section 1.03.

**3.03.** Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

### B. Administrative Expenses

**3.04.** **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall retain up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments by Debtor provided for by the plan.

**3.05.** **Debtor's attorney's fees.** Debtor's attorney was paid $ __2,000.00__ prior to the filing of the case. Additional fees of $ __2,000.00__ shall be paid through this plan upon court approval. Debtor's attorney will seek the court's approval by [*choose one*]: ☐ complying with General Order 35; or ☑ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017 [if neither alternative is selected, the attorney shall comply with the latter].

**3.06.** **Administrative expenses.** In accordance with sections 5.02 and 5.03 below, $ __600.47__ of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

### C. Secured Claims

**3.07. Class 1 includes all delinquent secured claims that mature after the completion of this plan, including those secured by Debtor's principal residence.**

(a) **Cure of defaults.** All arrears on Class 1 claims shall be paid in full by Trustee. The monthly installments specified in the table below as the "monthly arrearage dividend," in conjunction with the distribution scheme in section 5 of this plan, shall pay the arrears in full.

(1) Unless otherwise specified below, interest will accrue at the rate of 0%.

(2) The arrearage dividend must be applied by the Class 1 creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

(b) **Maintaining payments.** From plan payments received, Trustee shall make all post-petition monthly payments to the holder of each Class 1 claim whether or not this plan is confirmed or a proof of claim is filed.

(1) Unless sub-part (b)(1)(A)or(B) of this section is applicable, the amount of the post-petition monthly payment shall be the amount specified in the plan.

(A) If the amount specified in the plan is incorrect, the Class 1 creditor may demand the correct amount in its proof of claim. Unless and until an objection to such proof of claim is sustained, the trustee shall pay the payment amount demanded in the proof of claim.

(B) Whenever the post-petition monthly payment amount is adjusted in accordance with the underlying loan documentation, including changes resulting from an interest rate or escrow account adjustment, the Class 1 creditor shall give notice of payment change pursuant to Fed. R. Bankr. P. 3002.1(b). Notice of the change in a proof of claim is not sufficient. Until and unless an objection to a notice of payment change is sustained, the trustee shall pay the amount demanded in the notice of payment change.

(2) If Debtor makes a partial plan payment that is insufficient to satisfy all post-petition monthly payments due each Class 1 claim, distributions will be made in the order such claims are listed in the table below.

(3) Trustee will not make a partial distribution on account of a post-petition monthly payment.

(4) If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition monthly payment, Debtor may be obligated to pay a late charge.

(5) If the holder of a Class 1 claim files a notice of payment change in accordance with Fed.R.Bankr.P. 3002.1(b) demanding a higher or lower post-petition monthly payment, the plan payment shall be adjusted accordingly, without modification of the plan.

(6) If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges in accordance with Fed. R. Bankr. P. 3002.1(c), Debtor may modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

(7) Post-petition monthly payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim was current and no arrearage existed on the date the case was filed.

**(c) No claim modification and lien retention.** Each Class 1 creditor shall retain its lien. Other than to cure arrears, this plan does not modify Class 1 claims.

| | Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears | Monthly Arrearage Dividend | Monthly Arrearage Dividend Start Date (Start Date will be a specific month/year during the plan) | Post-Petition Monthly Payment |
|---|---|---|---|---|---|---|
| 1. | Wilmington Savings Fun Society, FSB et al<br><br>C/O FCI Lender Services<br>PO Box 27370<br>Anaheim Hills, CA 92809 | $52,256.52 | 0.00% | $916.78 | 4 | $0.00 |
| | | | | Totals: $ 916.78 | | $ 0.00 |

**3.08. Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.**

(a) **Payment of claim.** Subject to section 3.08(c), the "monthly dividend" payable to each Class 2A and 2B claim is a monthly payment sufficient to pay each claim in full with interest at the rate specified below. If no interest rate is specified, a 5% rate will be imputed.

(b) **Adequate protection payments.** Prior to confirmation and once a proof of claim is filed, Trustee shall pay on account of each Class 2(A) and 2(B) claim secured by a purchase money security interest in personal property an adequate protection payment if required by 11 U.S.C. § 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with the customary disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

(c) **Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, except as noted below, Debtor may reduce the claim amount to the value of the collateral securing it by complying with Section 1.03 above.

(1) **Class 2 claims that cannot be reduced based on value of collateral.** Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred

within 1-year of the filing of the case and is secured by any other thing of value. These claims must be included in Class 2(A).

**(2) Class 2 claims that may be reduced based on the value of their collateral** shall be included in Class 2(B) or 2(C) as is appropriate.

**(3) Class 2 claims secured by Debtor's principal residence.** Except as permitted by 11 U.S.C. § 1322(c), Debtor is prohibited from modifying the rights of a holder of a claim secured only by Debtor's principal residence.

**(d) Lien retention.** Each Class 2 creditor shall retain its existing lien on the property interest of the Debtor or the Estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) completion of the plan and, unless not required by the bankruptcy court, entry of Debtor's discharge under 11 U.S.C. § 1328.

| Class 2(A) Creditor's name and description of collateral | Purchase money security interest in personal property YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(A) claims are not reduced based on value of collateral | | | | | |
| -NONE- | | | | | |
| | | | | Total $ | 0.00 |

| Class 2(B) Creditor's name and description of collateral | Purchase money security interest in personal property (YES/NO) | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(B) claims are reduced to an amount greater than $0 based on value of collateral | | | | | |
| -NONE- | | | | | |
| | | | | Total $ | 0.00 |

| Class 2(C) Creditor's name and description of collateral | Purchase money security interest in personal property (YES/NO) | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| Class 2(C) claims are reduced to $0 based on value of collateral | | | | | |
| -NONE- | | | | | |
| | | | | Total $ | 0.00 |

**3.09.** Class 3 includes all secured claims satisfied by the surrender of collateral.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| -NONE- | | |

**3.10.** **Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims are not in default and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not a proof of claim is filed or the plan is confirmed.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|

Software Copyright (c) 1996-2018 Best Case LLC - www.bestcase.com

Best Case Bankruptcy

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|
| -NONE- | | |

3.11. **Bankruptcy stays.**

(a) Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11 U.S.C. § 1301(a) are (1) terminated to allow the holder of a Class 3 secured claim to exercise its rights under nonbankruptcy law against its collateral; and (2) modified to allow the nondebtor party to an unexpired lease that is in default and rejected in section 4 of this plan to obtain possession of leased property, and to dispose of it under applicable law, and to exercise its rights against any nondebtor.

(b) Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. While this may be cause to terminate the automatic stay, such relief must be separately requested by the claim holder.

(c) If, after confirmation of the plan, the court grants a motion to terminate the automatic stay to permit a Class 1 or 2 claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such claim and any portion of such claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7 unsecured claim subject to the filing of a proof of claim.

### D. Unsecured Claims

3.12. **Class 5 consists of unsecured claims entitled to priority pursuant to 11 U.S.C. § 507.**

(a) **Domestic support obligations entitled to priority pursuant to 11 U.S.C. § 507.** These claims will be paid in full except to the extent the claim holder has agreed to accept less or 11 U.S.C. § 1322(a)(4) is applicable. When the claim holder has agreed to accept less than payment in full or when 11 U.S.C. § 1322(a)(4) is applicable, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(b) **Taxes, and other priority claims entitled to priority pursuant to 11 U.S.C. § 507.** These claims will be paid in full except to the extent the claim holder has agreed to accept less. When the claim holder has agreed to accept less than payment in full, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(c) **Estimate of priority claims pursuant to 11 U.S.C. § 507.** Debtor estimates that all priority claims, not including those identified in section 7, total $ **0.00**

3.13. **Class 6 includes designated nonpriority unsecured claims**, such as co-signed unsecured debts, that will be treated differently than the other nonpriority unsecured claims provided for in Class 7. The claim holder of each Class 6 claim and the treatment of each claim shall be specified in section 7, the Nonstandard Provisions.

3.14. **Class 7 consists of all other nonpriority unsecured claims** not provided for in Class 6. These claims total approximately $ **0.00** . Class 7 creditors shall be paid on a pro-rata basis by the Trustee from the funds remaining after the Trustee pays the administrative expenses and other claims provided for in this plan.
**[select one of the following options:]**

☑ **Percent Plan.** Class 7 claimants will receive no less than **0** % of their allowed claims through this plan.

☐ **Pot Plan.** Class 7 claimants are estimated to receive ____% of their allowed claims through this plan.

This section is to be read in conjunction with section 2.03.

### Section 4. Executory Contracts And Unexpired Leases

4.01. Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall directly pay all postpetition monthly lease or contract payments to the other party to the executory contract or unexpired lease. Unless otherwise permitted under the Bankruptcy Code or Section 7 herein, pre-petition arrears shall be fully paid. Trustee shall pay the monthly arrearage dividend specified in the table below.

| Name of Other Party to Executory Contract/Unexpired Lease | Post-Petition Monthly Payment | Pre-petition Arrears | Monthly Arrearage Dividend |
|---|---|---|---|
| -NONE- | | | |
| | | Total $ | 0.00 |

4.02.  Debtor rejects the executory contracts and unexpired leases listed below. Any executory contract or unexpired lease not listed in section 4.01 or section 4.02 is rejected.

| Name of Other Party to Executory Contract/Unexpired Lease | Description of Executory Contract/Unexpired Lease |
|---|---|
| -NONE- | |

### Section 5. Payment of Claims and Order of Distribution

5.01.  After confirmation, payments by Trustee to holders of allowed claims and approved expenses will be made monthly.

5.02.  **Distribution of plan payment by Trustee.** Debtor's monthly plan payment must be sufficient to pay in full: **(a)** Trustee's fees; **(b)** post-petition monthly payments due on Class 1 claims; **(c)** the monthly dividend specified in section 3.06 for administrative expenses; and **(d)** the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to Trustee, Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in (a) through (d) above. If the amount paid by Debtor, however, is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of section 5.02(a) through (d), no dividend shall be paid on account of any of the fees, payments, expenses, and claims within such subpart, except as permitted by section 3.07(b)(2) and (3).

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: **first**, section 3.06 administrative expenses; **second**, Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims; **third**, Class 5 priority claims; **fourth**, Class 6 unsecured claims; and **fifth**, Class 7 unsecured claims. Over the plan's duration, these distributions must equal the total dividends required by sections 3.04, 3.06, 3.07, 3.08, 3.12, 3.13, 3.14, and 4.01.

5.03.  **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 3.06 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by 11 U.S.C. § 1326(b)(3)(B), and second, to holders of approved administrative expenses on a pro rata basis.

### Section 6. Miscellaneous Provisions

6.01.  **Vesting of property.** Property of the estate will revest in Debtor upon confirmation unless Debtor checks the following box:
☐ SHALL NOT REVEST.

If the property of the estate does not revest in Debtor, Trustee is not required to file income tax returns for the estate or insure any estate property. Upon dismissal or completion of this plan, all property shall revest in Debtor. Notwithstanding the revesting of property in Debtor, the court will retain its supervisory role post-confirmation to enforce Fed. R. Bankr. P. 3002.1 and provide any other relief necessary to effectuate this plan and the orderly administration of this case.

After the property revests in Debtor, Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee.

6.02.  **Remedies upon default.** If Debtor defaults under this plan, Trustee or any other party in interest may request appropriate relief by filing a motion pursuant to Local Bankruptcy Rule 9014-1, et seq. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. This is without prejudice to Debtor's right to seek plan modification under 11 U.S.C. § 1329.

6.03.  **Impermissible Provisions.** Notwithstanding any other term in this plan, Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargability of any debt or the discharge of any debt that is non-dischargable as a matter of law in a Chapter 13 case under 11 U.S.C. § 1328(a).

Software Copyright (c) 1996-2018 Best Case LLC - www.bestcase.com          Best Case Bankruptcy

## Section 7. Nonstandard Provisions

Debtor may propose nonstandard provisions that modify the preprinted text of this form plan. All nonstandard plan provisions shall be set forth below, or on a separate page(s) appended to this plan. Each such provision shall be identified by a section number beginning with section 7.01 and indicate which section(s) of the form plan are modified by it. Nonstandard provisions placed elsewhere in the plan are void. The signatures below are certifications by Debtor and Debtor's attorney that this plan form has not been altered and that all nonstandard provisions are in section 7 and appended to this plan.

"Section 3.07(b) is replaced with the following provision:

a. Debtor shall make the following post-petition payments to [name of secured creditor] in accordance with the applicable terms of the underlying promissory note or other obligation.

b. The Chapter 13 Trustee shall not make any such post-petition monthly payments under § 5.02 of the Plan to the above named secured creditors.

c. After the Plan is confirmed, Debtor shall file with the bankruptcy court quarterly declarations under penalty of perjury stating that Debtor has made his post-petition payments to [name of creditor], and attach to each declaration proper documentary evidence of the payment(s) made. The quarterly declaration for January - March payments shall be filed by April 20th, the quarterly declaration for April - June payments shall be filed by July 20th, the quarterly declaration for July - September payments shall be filed by October 20th, and the quarterly declaration for October - December shall be filed by the following January 20th."

Dated: **October 11, 2018**   /s/ John Durwood Dennis, Jr.
John Durwood Dennis, Jr.
Debtor

Dated: October 11, 2018   *(signature)* Debtor

/s/ Yelena Gurevich
Yelena Gurevich 269487
Debtor's Attorney